FILED
RICHARD W. NAGEL
CLERK OF COURT
2019 NOV -6 PM 3: 33
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:19CR130 |
| Plaintiff, | : | JUDGE BLACK |
| v. | : | **I N D I C T M E N T** |
| ■■■ | : | 18 U.S.C. § 2 |
| | : | 18 U.S.C § 922(g)(1) |
| | : | 18 U.S.C. § 924(a)(2) |
| | : | 18 U.S.C. § 1956(a)(1)(A)(i) |
| | : | 18 U.S.C. § 1956(h) |
| | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 841(b)(1)(A)(ii) |
| | : | 21 U.S.C. § 841(b)(1)(A)(vi) |
| | : | 21 U.S.C. § 841(b)(1)(B)(viii) |
| | : | 21 U.S.C. § 841(C) |
| | : | 21 U.S.C. § 846 |
| | : | 21 U.S.C. § 856(a)(1) |
| | : | 31 U.S.C. § 5324(b) |
| | : | 31 U.S.C. § 5331 |
| | : | **NOTICE OF FORFEITURE** |
| **AYMAN ANIS AL HAJJEH (16)** | : | |



ERNESTO RINCON (20)

█████████████████

Defendants.

**THE GRAND JURY CHARGES THAT:**

## COUNT ONE
### (Narcotics Conspiracy)

Beginning on or about or about March 1, 2016, the exact date being unknown and continuing up to and including October 29, 2019, the exact date being unknown, within the Southern District of Ohio, and elsewhere, the defendants, ████████████████

████████████████████████████████████████████████████████████ ERNESTO RINCON;

████████████████████████████████████████████████████████████ and

others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to possess with intent to distribute and to distribute mixtures and substances containing a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, the amount of said mixture and substance was 5 kilograms or more, and

substances containing fentanyl, a Schedule II controlled substance, the amount of said mixture and substance was 400 grams or more, and substances containing methamphetamine, a Schedule II controlled substance, the amount of said mixture and substance was 500 grams or more, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(vi)(viii) and 841(b)(1)(C).

All in violation of 21 U.S.C. § 846.

## COUNT TWO
(Distribution and Possession with Intent to Distribute a Controlled Substance)

[redacted]

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT THREE
(Distribution and Possession with Intent to Distribute a Controlled Substance)

[redacted]

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2.

## COUNT FOUR
(Distribution and Possession with Intent to Distribute a Controlled Substance)

[redacted]

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 18 U.S.C. § 2.

## COUNT FIVE
(Distribution and Possession with Intent to Distribute a Controlled Substance)

[redacted]

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and 18 U.S.C. § 2.

## COUNT SIX
(Distribution and Possession with Intent to Distribute a Controlled Substance)

[redacted]

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT SEVEN
(Possession by a Prohibited Person)

[redacted]

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT EIGHT
(Possession by a Prohibited Person)

[redacted]

Case 2:19-mj-00954-NJ   Filed 11/14/19   Page 5 of 18   Document 1
Page 5 of 18

[redacted]

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT NINE
(Operating a drug involved premises)

[redacted]

In violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

## COUNT TEN
(Operating a drug involved premises)

[redacted]

In violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

## COUNT ELEVEN
(Money Laundering Conspiracy)

### Introduction – the businesses

Tri-State Jewelers, Inc. a.k.a. TSJ Jewelers, Inc. (hereafter Tri-State Jewelers) was incorporated on or about August 2, 2015 in the State of Ohio. The contact person, authorized

representative and register agent is listed as ▇▇▇ with an address of ▇▇▇. ▇▇▇ is a United States citizen who has been running and managing Tri-State Jeweler since at least 2014. Tri-State Jeweler has a business account with PNC Bank, account ending in 5259, which lists ▇▇▇ as the place of business with ▇▇▇ as the signor of the account, which was opened on or about July 24, 2015.

Nationwide Automotive Group, Inc. (hereafter Nationwide Automotive) was incorporated on or about May 14, 2012 in the State of Ohio. ▇▇▇ was listed as the incorporator with an address of ▇▇▇. On or about February 5, 2018, Amendments to Articles of Incorporation were filed with the Ohio Secretary of State listing ▇▇▇ as the Vice President of Nationwide Automotive and informing the State of Ohio that Nationwide Automotive had relocated to ▇▇▇. ▇▇▇ is a United States citizen who manages Nationwide Automotive. Nationwide Automotive has a business account with PNC Bank, account ending in 0821, which lists ▇▇▇ as the place of business with ▇▇▇ as one of the signors, and which was opened on or about May 11, 2012.

## The Conspiracy

Beginning in or about September 2018, and continuing up to September 20, 2019, in the Southern District of Ohio, defendants ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, ▇▇▇, **AYMAN HAJJEH**, ▇▇▇, ▇▇▇, did knowingly, intentionally, and unlawfully conspire to conduct financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is narcotics trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit: the sale or distribution of controlled substances as defined in

Case 2:19-mj-00954-NJ   Filed 11/14/19   Page 7 of 18   Document 1
Page **7** of **18**

the Controlled Substances Act and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i).

### The Goal of the Conspiracy

It was a goal of the conspiracy that ███████████████████████████, ███████████████, ███████, ███████████████████████, ███████████████, ███████, AYMAN HAJJEH, ███████, ███████████████████, and others, would launder illegal proceeds/profits from illegal narcotics trafficking, by knowingly conducting and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, narcotics trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit: the sale or distribution of controlled substances as defined in the Controlled Substances Act and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

### Manner and Means to Accomplish the Conspiracy

It was a part of the conspiracy that ███████████████████████████, ███████████████████████████ would make and/or accept cash payments for goods which was used for their personal use, and for the use and benefit of members of illegal narcotics organizations, including, but not limited to the BRYANT DTO, and which furthered the illegal narcotics distribution activities.

It was further part of the conspiracy that members of the conspiracy would take and keep stored at Tri-State Jeweler and Nationwide Automotive amounts of United States currency known to be derived from the sale of narcotics.

It was further part of the conspiracy that ███████████████████████████

█████ AYMAN HAJJEH, █████ and others working on behalf of them and others, would conceal the monies earned from the sale of controlled substances (hereafter referred to as drug proceeds) in the greater Cincinnati, Ohio area in various bags and/or packages to transport the illegal proceeds via interstate commerce to and from the Cincinnati, Ohio area, among other places.

It was further part of the conspiracy that █████ AYMAN ANIS AL HAJJEH, █████ committed the following acts:

1. On or about May 2, 2019, ███ while acting in his management capacity with Tri-State Jeweler, accepted $1,400 in United States currency for the purchase of a diamond pendant necklace.

2. On or about June 12, 2019, █████ while acting in his capacity as owner of Tri-State Jeweler, accepted $15,000 in United States currency for the purchase of a diamond ring.

3. On or about July 1, 2019, █████ while acting in his capacity as owner of Tri-State Jeweler, accepted $4,000 in United States currency for the purchase of a diamond ring.

4. On or about July 30 2019, ███ while acting in his capacity as manager of Nationwide Automotive, accepted $38,800 in United States currency for the purchase of an automobile.

5. Between approximately December 2018 up through and including April, 2019, and beyond, █████ took and agreed to store, at

least temporarily, at Tri-State Jeweler United States currency in the amount of approximately $2,500,000.00

6. Between approximately November 2018 up through and including April, 2019, and beyond, ▇ took and agreed to store, at least temporarily, at Nationwide Automotive United States currency in the amount of $800,000.00.

7. On or about August 7, 2019, ▇ provided $59,960 in United States currency to ▇ who then provided the currency to **AL HAJJEH** for the purpose of transferring the currency to another location.

8. On or about September 20, 2019, ▇ provided $79,980 in United States currency to ▇ who then provided the currency to ▇ for the purpose of transferring the money to another location

**All in violation of 18 U.S.C. § 1956(h).**

## COUNT TWELVE
### (Money Laundering)

On or about the dates set forth below, in the Southern District of Ohio, defendants ▇ **AYMAN ANIS AL HAJJEH** did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce as described below, which involved the proceeds of a specified unlawful activity, that is, narcotics trafficking, with the intent to promote the carrying on of specified unlawful activity, to wit: the sale or distribution of controlled substances as defined in the Controlled Substances Act and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 12 | 08/07/2019 | ▮▮▮▮▮ provided $59,960 in United States currency to ▮▮▮ who then provided the currency to **AL HAJJEH** for the purpose of transferring the money to another location. |

All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.

## COUNTS THIRTEEN
(Money Laundering)



All in violation of 18 U.S.C. § § 1956(a)(1)(A)(i) and 2.

## COUNT FOURTEEN
(Failure to File Reports Related to Currency)



All in violation of 31 U.S.C. §§ 5324(b) and 5331 and 18 U.S.C. § 2.

## COUNT FIFTEEN
(Failure to File Reports Related to Currency)



All in violation of 31 U.S.C. §§ 5324(b) and 5331 and 18 U.S.C. § 2.

## FORFEITURE ALLEGATION ONE

Upon conviction of one or more of the offenses set forth in Counts 1 through 6, 9, and/or 10 of this Indictment, the defendants,

ERNESTO RINCON;

██████████████████████████████████████ shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to:

    a) A sum of money equal to the amount of proceeds the defendants obtained as a result of the offense(s);

    b) Real Property known and numbered as ████████████████ ████████████, with all appurtenances, attachments and improvements attached thereto, legally described as:

    Situated in ████████████████████████ Springfield Township, Hamilton County, Ohio and being all of ████████████████████████████ Phase III, recorded in Registered Land Plat Book 83, pages 33 through 35 of the Records of the Hamilton County, Ohio Recorder's Office.

    The foregoing general warranty covenants are subject to the Declaration of Covenants, Easements, Conditions and Restrictions for ████████████ as recorded in Official Record Book 9175, page 3641 and re-recorded in Official Record Book 9193, page 2439 of the records of the Hamilton County, Ohio Recorder; non-delinquent real property taxes, non-delinquent installments of assessments, existing easements, conditions and restrictions of record.

    More commonly known as: ██████████████████████████  
    Record Owner: ████████████ Revocable Living Trust  
    Parcel Id: ██████████████

    c) Real Property known and numbered as ████████████████████████ ████████, with all appurtenances, attachments and improvements attached thereto, legally described as:

    Situated in the City of Fairfield, County of Butler, and the State of Ohio.

    Being Unit Number ████ of ████████████ Condominiums, Phase XV and being Registered Land Certificate ████ in the Recorder's Office of Butler County, Ohio.

    Be the same more or less, but subject to all legal highways.

SAVE AND EXCEPT easements and restrictions of record, zoning ordinances, real estate taxes and assessments, if any, prorated to the date of this deed.

Street address of property: ▮
Record Owner: ▮
Butler County Parcel Number: A0700-217-000-215;

d) Real Property known and numbered as ▮ with all appurtenances, attachments and improvements attached thereto, legally described as:

All that tract or parcel of land lying and being in ▮ DeKalb County, State of Georgia, being ▮ of the ▮ Phase 3, as per plat recorded in Plat Book 187, pages 2-13, DeKalb County Records, said plat being incorporated herein and made a part hereof by reference.

Street address of property: ▮
Record Owner: Golden Homes Investments, LLC
Dekalb County Parcel Number: ▮

e) $79,980.00 in U.S. Currency seized from ▮ on 9/20/19;

f) $14,168.00 in U.S. Currency seized from ▮ on 10/24/19;

g) $5,367.00 in U.S. Currency seized from ▮ on 10/24/19;

h) $2,780.00 in U.S. Currency seized from ▮ on 10/24/19;

i) $41,000.00 in U.S. Currency seized from ▮ on 10/24/19;

j) $104,520.00 in U.S. Currency seized from ▮ on 10/25/19;

k) $13,600.00 in U.S. Currency seized from ▮ on 10/24/19;

l) $50,208.00 in U.S. Currency seized from ▮ on 10/24/19;

m) Contents of PNC Bank Account Number xxx5259 in the name of TSJ Jewelers, Inc. DBA Tri-State Jewelers, Inc.;

n) Contents of PNC Bank Account Number xxxx0821 in the name of Nationwide Automotive Group;

o) 2017 Black GMC Sierra Truck, model Denali HD, VIN WDDUG8FB0FA108843, seized from ▮ with all attachments thereon;

p) 2015 Black Mercedes Sedan, model S550 "4matic", VIN WDDUG8FB0FA108843, seized from ▮ with all attachments thereon;

q) 2007 Gold Toyota Camry, VIN 4T1BK46K07U503142, seized from ▮▮▮ with all attachments thereon;

r) 2016 Red Mercedes G Wagon, VIN WDCYC7DF4GX254114, with all attachments thereon;

s) Assorted Miscellaneous Jewelry seized from ▮▮▮ Cincinnati, Ohio 45231;

t) A Glock 22, .40 caliber handgun, bearing serial number BTX116, with any attachments and ammunition, including thirteen (13) .40 S&W Winchester rounds;

u) A SCCY, CPX-1, 9mm semi-automatic handgun, bearing serial number 655747, with any attachments and ammunition, including nine (9) 9mm Luger rounds and fifteen (15) CBC .25 auto rounds of ammunition;

v) A Ruger, SR9C, 9x19mm, bearing serial number 332-09771, with any attachments and ammunition, including fifteen (15) Hornady 9mm Luger rounds and 1 box of PMC, 380 caliber rounds of ammunition;

w) A German Sports Gun (GSG) .22 long rifle, bearing serial number A302605, with any attachments and ammunition;

x) A Llama .45 caliber handgun, bearing serial number C19995, with any attachments and ammunition; and

y) Two (2) boxes of ammunition with two extra loaded magazines and loose ammunition seized from 9812 Beech Drive.

### FORFEITURE ALLEGATION TWO

Upon conviction of one or more of the offenses set forth in Counts 1, 2, 6, 7, and/or 8 of this Indictment, the defendants ▮▮▮ shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s), including but not limited to, the firearms and ammunition listed in Forfeiture Allegation One.

### FORFEITURE ALLEGATION THREE

Upon conviction of one or more of the offenses set forth in Counts 11 through 13 of this Indictment, the defendants, ▮▮▮

■■■■■■■■■■■■■■■■■■■■■■ AYMAN ANIS AL HAJJEH; ■■■■

■■■■■■■■■■■■■■■■■■■■■■ shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense(s), and any property traceable to such property, including but not limited to:

    a)    A sum of money equal to the amount of money involved in the offenses;

    b)    $79,980.00 in U.S. Currency seized from ■■■■ on 9/20/19;

    c)    Contents of PNC Bank Account Number xxx5259 in the name of TSJ Jewelers, Inc. DBA Tri-State Jewelers, Inc.; and

    d)    Contents of PNC Bank Account Number xxxx0821 in the name of Nationwide Automotive Group.

## SUBSTITUTE ASSETS

If any of the property described in the Forfeiture Allegations above, as a result of any act or omission of the defendants:

    a)    cannot be located upon the exercise of due diligence;

    b)    has been transferred or sold to, or deposited with, a third party;

    c)    has been placed beyond the jurisdiction of the court;

    d)    has been substantially diminished in value; or

    e)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), or as incorporated by 18 U.S.C. § 982(b)(1) or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above, including but not limited to:

    a)    Real Property known and numbered as ■■■■■■■■■■■■■■■■ Cincinnati, Hamilton County, Ohio 45238, with all appurtenances, attachments and improvements attached thereto, legally described as:

Situated in the County of Hamilton, in the State of Ohio and in the Township of Green:

Beginning in the Northeasterly line of ▇▇▇▇▇▇ at a point which is South 62°30" East, 265.00 feet from the intersection of said Northeasterly line with the East line of ▇▇▇▇▇▇ thence continuing South 62° 30" East along the Northeasterly line of ▇▇▇▇▇▇, 56.66 feet to a point; thence North 27' 59' 30" East at right angles to ▇▇▇▇▇▇ 185.49 feet to a point; thence North 58° 38' 40" West, 56.76 feet to a point; thence South 27°59'30" West 188.82 feet to the point of beginning.

More commonly known as: ▇▇▇▇▇▇
Record Owner: Golden Homes Investments LLC
Parcel Id: ▇▇▇▇▇▇ and

b) Real Property known and numbered as ▇▇▇▇▇▇ Hamilton County, Ohio 45231, with all appurtenances, attachments and improvements attached thereto, legally described as:

SITUATE IN ▇▇▇▇▇▇ MIAMI PURCHASE, COLERAIN TOWNSHIP, HAMILTON COUNTY, OHIO, AND BEING ALL OF LOT NO. ▇▇ OF COMPTON ESTATES SUBDIVISION, BLOCK "B", PART 4, A PLAT OF WHICH IS RECORDED IN PLAT BOOK 93, PAGES 75 AND 76 OF THE HAMILTON COUNTY, OHIO RECORDS

More commonly known as: ▇▇▇▇▇▇
Record Owner ▇▇▇▇▇▇ Revocable Living Trust
Parcel Id: ▇▇▇▇▇▇

A True Bill.

/S/
_____
Grand Jury Foreperson

DAVID M. DEVILLERS
UNITED STATES ATTORNEY

*[signature]*
_____
CHRISTY L. MUNCY
Assistant United States Attorney
Organized Crime Drug Enforcement Task Force